IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:06CR231** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **AMENDED** |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **RICHARD L. BAIRD, JR.,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 66) issued by Magistrate Judge F.A. Gossett recommending that the motion to suppress filed by the Defendant, Richard L. Baird, Jr., (Filing No. 31) be granted. The government filed a statement of objection to the Report and Recommendation (Filing No. 67) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), to which the Defendant responded (Filing No. 68).

Baird is charged in a one-count Indictment with being a felon in possession of a firearm. He seeks an order suppressing evidence and statements obtained as a result of the June 21, 2006, search of a rented vehicle in which Baird was a passenger and which he was authorized to drive.

Following an evidentiary hearing, Judge Gossett issued a Report and Recommendation in which he concluded: Baird has standing to contest the search of the vehicle; the government did not meet its burden of proving voluntary consent for the search of the vehicle; Baird was illegally detained; Baird's Fourth Amendment rights were violated by the warrantless, nonconsensual search of the vehicle; and additional evidence and statements were fruits of the illegal detention and must be suppressed. Judge Gossett also opined that, assuming for the sake or argument that this Court does not adopt the

Report and Recommendation with respect to the consent issue, Baird's pre-*Miranda* statement was volunteered and admissible and he knowingly, voluntarily and intelligently waived his *Miranda* rights leading to the admissibility of his post-*Miranda* statement.

On the basis of these determinations, Judge Gossett recommended that the Defendant's motion to suppress be granted.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court shall make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

Judge Gossett provided a detailed account of the events relevant to the traffic stop, search, and arrest. The Court has considered the transcripts of the hearings conducted by the Magistrate Judge (Filing Nos. 50, 64, 65). The Court also carefully viewed the evidence, including the DVD (Filing No. 44). Based on the Court's de novo review of the evidence and arguments, the Court adopts Judge Gossett's factual findings in their entirety.

## ANALYSIS

The government does not object to a specific portion of Judge Gossett's Report and Recommendation. Rather, the government stated in its objection: "Plaintiff objects to the Magistrate Judge's recommendation that the defendant's Motion to Suppress be granted

2

with respect to several firearms located in a rental car in which the defendant was a passenger." (Filing No. 67.) The government then asked for a hearing so that the Court may receive "additional evidence," without specifying the nature of the evidence it seeks to offer. (Filing No. 67.) The objection was not specific, nor was it supported by a brief as required by local rule. NECrimR 57.3(a).

Reviewing this matter de novo, the Court agrees with Judge Gossett that the issue of voluntary consent is pivotal and that the government failed to meet its burden. The probable cause affidavit is inconsistent with the affiant officer's testimony with respect to the crucial issue of whether consent was asked for, and given for, the search of the vehicle. The Court is unpersuaded by the government's argument that because the license plate check performed prior to the stop showed a tan vehicle, while the vehicle observed was maroon, probable cause of a "switched plate violation" existed for a traffic stop. While the discrepancy was noted, Trooper Marcus Warnke did not include that factor in his reasons for wanting to stop or search the vehicle either in his probable cause affidavit or his oral testimony before Judge Gossett. Moreover, the government did not ask the Court to take judicial notice of any "switched plate" statute. Because the Court is persuaded that the government did not meet its burden of showing consent to search, the additional evidence and statements are tainted and must be suppressed as fruits of the illegal detention and search.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 66) is adopted in its entirety;

2. The Statement of Objections to the Report and Recommendation (Filing No. 67) filed by the government is denied; and

3. The Defendant's Motion to Suppress (Filing No. 31) is granted.

DATED this 8th day of February, 2007.

                BY THE COURT:

                s/Laurie Smith Camp
                United States District Judge